Curia, per
Johnston, Ch.
The defendants had purchased two slaves, John and Stono, as the property of Jos. S. Bos-sard, at sheriff’s sale; and the bill was filed by the plaintiff, Waterman, trustee of Bossard’s wife and children, (but without joining his said cestui que trusts in the suit,) to recover these slaves, that he may subject them to the provisions of the trust deed.
The deed, which was alleged to have been executed by the late Francis Withers, conveyed to Waterman, the trustee, a tract of land and sixteen slaves — of whom the slaves in question were alleged to have been two, — upon the following trusts:
“For the sole and separate use” &c. “ of Matilda Ann Bos-sard, the wife of Joseph S. Bossard, and in no way to be subject,” &c. “ during her present coverture, or widowhood, — or, until one of the children of the said Joseph S. Bossard and Matilda Ann Bossard shall marry or attain the age of 21 years. Then, two of the negroes, and a life estate in the real property aforesaid, to go to the said Matilda Ann;during her natural life; and the residue be equally divided among the chil.dren of the said Joseph S. Bossard and Matilda Ann Bossard, their heirs and assigns, forever.”
John Bossard, one of the children, had attained full age: but no division had been made of the trust property.
The plaintiff, at the hearing, having exhausted his testimony, and having, as his counsel very candidly stated to the Court, produced no testimony entitling him to a decree, moved for leave to examine Bossard as a witness, — at the same time conceding that, according to the case of Footman v. Prendergrass, he was incompetent. For the purpose of rendering him competent, he “moved to dismiss the bill, so far *77 as the interests of Mrs. Bossard were embraced in the suit, and to retain and prosecute the suit for the benefit of her children.”
1 Yes. J. 142. 6 Yes. J. 145.
Des. 1 Hill’s Ch. 228. 2 Strob. Eq. —
The Court signified its willingness to pass an order granting leave to the plaintiff to disclaim title or interest in the two slaves in dispute, to the extent ofl-8th or l-9th thereof (being the extent of Mrs. Bossard’s interest in them':) — but declined to pass the order moved for, without the consent of the defendants, — which consent was withheld. The plaintiff’s counsel refusing to accept these terms, the bill was dismissed.
An appeal has been taken from this decision, and argued.
The case quoted by counsel of Motteux v. Mackreth, decided by lord Thurlow, and followed by lord Eldon, in Lloyd v. Makearn, is not in point; and besides, it is to be observed that in these cases, Lord Thurlow decided with manifest hesitation, and Lord Eldon followed him against his own judgment.
In both cases, the parties, whose evidence was sought to be used, were parties (as plaintiffs) to the record. In the case of Motteux v. Mackreth, Dallas, the witness proposed was one of the several annuitants, and being the only witness to some of the securities, in which his co-plaintiffs were interested, an order was granted upon terms to strike out his name as a plaintiff, and make him a defendant, to enable him to give the necessary evidence.
In Lloyd v. Mekeam the names of two out of four plaintiffs, who had executed releases to their co-plaintiffs, were struck from the bill, to enable them to give evidence.
In the case before us, Mrs. Bossard was no party to the bill, nor to the suit; and if her interest in the slaves, the subject of the suit, had been a several interest, and capable of being released by a femme converte, she had not released it. Ewing v. Smith, Magood v. Johnston, Reed v. Lamar.
The plaintiff had no power to destroy or release her equity. That was a thing which she alone was competent to do. It was competent for the plaintiff, if the subject of the suit was devisable in its nature, to have relinquished a portion of his claim, but not to designate the part thus disclaimed by him as Mrs. Bossard’s portion. He had no authority to throw this loss exclusively upon her. He could not have resisted her claim to participate in the residue left, and which was to be recovered by her husband’s testimony. And so long as this right existed on her part, her husband could not be sworn.
But, besides all this, the subject matter of the suit, in which her interest inhered, was incapable of division. The bill was for the specific delivery of slaves; and the plaintiff’s counsel perceived that a simple disclaimer of right in any proportion of them, without a release of that proportion, to the plaintiff, or to Mrs. Bossard’s co-cestui que trusts, would have destroyed his right to a decree ; and, therefore, very properly, refused to *78 take the order offered him by the Court; which was the only order the Court could make.
The Court very properly refused to retain the cause, after a full hearing, in order to allow testimony to be subsequently prepared.
It is ordered that the decision appealed from be affirmed, and the appeal dismissed.
Dunkin', and Dargan, CC. concurred.
Caldwell, Ch. having been of counsel, declined to sit.

Decree affirmed.